UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVANS CREEK, LLC,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>CITY OF RENO,<br>　　　　　　　　　Defendant. | Case No. 3:20-cv-00724-MMD-WGC<br><br>ORDER |

This is a regulatory takings action. Plaintiff Evans Creek, LLC, alleges Defendant City of Reno violated the Takings Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment by refusing to annex a parcel of land in west Reno. (ECF No. 1.) The City moved to dismiss the Complaint under Rule 12(b)(6), arguing in part that the Complaint lacked requisite factual information to proceed. (ECF No. 8.) In its opposition, Plaintiff expressly requested leave to amend the Complaint "to provide additional factual detail." (ECF No. 10 at 18.) The Court granted the City's motion to dismiss on September 14, 2021, but also granted Plaintiff leave to amend to support its claims. (ECF No. 25 ("Order").) The Court instructed Plaintiff to file an amended complaint within 30 days. (*Id.*)

On September 17, 2021, Plaintiff filed a notice of intent not to file an amended complaint. (ECF No. 26.) As part of its notice, Plaintiff requested the court enter an order dismissing the action in its entirety and recognizing the order dismissing the Complaint as a final, appealable decision.[1] (*Id.*)

///

---

[1] The City has filed a motion to compel production of documents. (ECF No. 24.) Because the Court will close the case so that Plaintiff may appeal the Complaint's dismissal, the Court will deny the motion to compel. If the case is reopened, the City will be given leave to refile its motion to compel.

"The touchstone for finality is that the particular action filed is fully disposed of, without the possibility of being resurrected through amendment." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1106 (9th Cir. 2018). However, "[a]n order dismissing a complaint without prejudice may be final and appealable 'if the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint.'" *Lopez v. City of Needles, Cal.*, 95 F.3d 20, 22 (9th Cir. 1996) (citation omitted); *see also McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1990) ("[A]ppellant is not required to amend in order to preserve his right to appeal. When one is granted leave to amend a pleading, she may elect to stand on her pleading and appeal, if the other requirements for a final appealable judgment are satisfied.").

Although the Court did not anticipate that its Order would finally decide this action, the Court acknowledges Plaintiff's written intent to stand on its dismissed complaint. In the Order, the Court noted specific factual issues in both the class-of-one equal protection claim and regulatory takings claim that could be cured by amendment. For example: whether Plaintiff is similarly situated to other property owners (ECF No. 25 at 8-9), how Plaintiff's treatment was unique from other property owners (*id.* 10-11), how motivations from 15-20 years ago could be attributed to the City's present decisions (*id.* at 11), what degree of economic impact the City's decision had on the property (*id.* at 14), and why Plaintiff's expectation that the City would grant annexation was reasonable at this juncture (*id.* at 15). Still, the Court permitted Plaintiff to file an amended complaint, but did not mandate that it do so. *Cf. Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 889-892 (9th Cir. 2019) (distinguishing between failing to amend in violation of a district court order and electing to appeal dismissal under Rule 12(b)(6)). Accordingly, the Court will grant Plaintiff's request to dismiss this action.

///

///

///

///

It is therefore ordered that this action is dismissed as explained in the Order.

The Clerk of Court is therefore directed to enter judgment in favor of Defendant and close this case.

DATED THIS 20th Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE